IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| SAM FOREMAN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | NO. 5:15-CV-140 |
| NORFOLK SOUTHERN | : | |
| CORPORATION, and NORFOLK | : | |
| SOUTHERN RAILWAY COMPANY, | : | |
| | : | |
| Defendants. | : | |
| | : | |

ORDER ON MOTION TO FILE MOTION UNDER SEAL

Currently before the Court is Defendants' Motion to File Under Seal Depositions and Exhibits in Support of its Motion for Summary Judgment [Doc. 32]. Defendants request to file under seal all depositions and the corresponding exhibits submitted in support of its Motion for Summary Judgment due to the sensitive medical information contained in them.[1] For the reasons stated below, Defendant's Motion [Doc. 32] is **DENIED without prejudice**.

It is well-settled in the Eleventh Circuit that "[t]he operations of the courts and the judicial conduct of judges are matters of utmost public concern[,]" and the integrity

---

[1] This includes the depositions and exhibits of Plaintiff Sam Forman, Kahyap Patel, M.D., Gregory D. Lee, PhD., Anita Euell, and Thaddeus Riley, M.D.

of the judiciary is maintained by the public's right of access to court proceedings.[2] "Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case."[3]  Accordingly, "there is a presumptive right of public access to pretrial motions of a non-discovery nature, whether preliminary or dispositive, and the material filed in connection therewith."[4]  However, "[t]he common law right of access may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential."[5]  In that regard, "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information."

In this case, Defendants make a blanket statement that good cause exists to seal every deposition and exhibit filed in support of its Motion for Summary Judgment "due to the sensitive material regarding Plaintiff's medical information contained in the depositions and deposition exhibits."  Such a conclusory statement falls short of establishing the necessary good cause, as there are exhibits and portions of the depositions that do not contain any of Plaintiff's medical information.  Defendants have not specified sufficient good cause for sealing a particular document or exhibit, nor have Defendants explained why redacting the record would not suffice to protect the

---

[2] *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007).
[3] *Brown v. Advantage Engineering, Inc.*, 960 F.3d 1013, 1016 (11th Cir. 1992).
[4] *Romero*, 480 F.3d at 1245 (internal quotation omitted).
[5] *Id.*

2

Plaintiff's privacy interests. While some of the referenced documents may fall within the scope of confidential information, Defendants must specify which part of the depositions and exhibits are confidential and explain why their interests in maintaining the privacy of those documents outweigh the public's right to access at the summary judgment stage. Given the presumption in favor of public access, more information is necessary before the Court may seal the documents.

Accordingly, Defendants' Motion [Doc. 32] is **DENIED without prejudice**. The Parties may resubmit a request to seal within **seven (7) days** of this Order.

**SO ORDERED**, this 14th day of April, 2016.

<u>S/ C. Ashley Royal</u>
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

CML/ssh